IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TECHNICARE OF COLUMBUS,
LLC, et al.,

      **Plaintiffs,**

  v.                                     Civil Action 2:18-cv-298
                                           Judge George C. Smith
                                           Magistrate Judge Jolson

GATEHOUSE MEDIA OHIO
HOLDINGS II, INC., et al.,

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Protective Order (Doc. 28) and the parties' Joint Motion for Extension of Time (Doc. 37). For the reasons that follow, Defendants' Motion for Protective Order (Doc. 28) is **GRANTED in part and DENIED in part** and the parties' Joint Motion for Extension of Time (Doc. 37) is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs are Ohio corporations "primarily engaged in providing cleaning services to consumers." (Doc. 1, ¶¶ 1–3). Defendants Gatehouse Media Ohio Holdings II, Inc. ("Gatehouse") "is primarily engaged in the business of providing digital marketing services to commercial clients." (*Id.*, ¶ 4). Defendant Dispatch Digital D AKA Thrive Hive, AKA Propel Marketing ("Propel") "is primarily engaged in the business of providing digital marketing services to clients." (*Id.*, ¶ 5).

Plaintiffs contracted with Defendant Propel for online marketing services. (*Id.*, ¶ 11). When Defendant Gatehouse acquired Defendant Propel, it assumed that contract. (*Id.*, ¶ 17). The parties operated under this agreement from 2013 through 2017. (*Id.*, ¶¶ 15, 19). During that

time, Plaintiffs became dissatisfied with Defendants' performance. Specifically, Plaintiffs allege that Defendants charged excessive management fees and failed to perform contractually agreed upon services. (*Id.*, ¶¶ 20–40).

After Defendants removed this case from state court, the parties filed a number of amended pleadings. Defendants subsequently filed the instant Motion, which has been fully briefed and is now ripe for resolution.

## II.   DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Doc. 28)

### A. Standard of Review

A district court may grant a protective order preventing the production of discovery to protect a party or entity from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016), *cert. denied sub nom. Fears v. Kasich*, 138 S. Ct. 191, 199 L. Ed. 2d 128 (2017) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236 (quoting *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011)). Ultimately, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x. 498, 500 (6th Cir. 2001) (citation omitted).

## B. Discussion

The parties agree a protective order should be issued in this case. They disagree, however, as to whether the protective order should allow Defendants to designate their pricing information as confidential under the terms of the proposed protective order. Defendants argue that their pricing information is categorically confidential, and Plaintiffs insist it is not. (*See generally* Docs. 28, 32, 35). Defendants request that the Court enter a protective order with the following provision:

> A Party may designate a Document as CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the Document contains information protected from disclosure by statute or that should be protected from disclosure as confidential personnel records, business records, or such other sensitive financial information or business records that are not publicly available, including, but not limited to, trade secrets and proprietary pricing information and work product.

(Doc. 28-1 at 3).

One purpose of a protective order is to establish a framework for parties to exchange confidential information and to provide a method for the non-designating party to challenge confidentiality designations. To the extent the proposed protective order furthers that purpose, the Court finds that it is appropriate to enter a protective order here.

Courts, however, cannot be expected to draft protective orders that address every conceivable dispute between parties, and they are reluctant to issue categorical decisions based on hypotheticals without relevant context. *See, e.g.*, *Hiser v. Volkswagen Grp. of Am., Inc.*, No. 514CV00170TBRLLK, 2015 WL 13722955, at *1 (W.D. Ky. Dec. 23, 2015) ("[T]he Court prefers to wait" to "determine whether to allow sharing and/or modification of the protective order" in a "non-hypothetical context."); *Spilca v. Maryland Cas. Co.*, No. CV 13-360 GBW/LFG, 2013 WL 12158977, at *5 (D.N.M. Nov. 26, 2013), *objections overruled*, No. 13-CV-360 GBW/CG, 2014 WL 12617286 (D.N.M. Feb. 28, 2014) ("[T]he Court is unable to grant

a protective order as it cannot set hypothetical boundaries for a deposition that has not occurred."); *Gilman v. Brown*, No. S-CIV-S-05-0830 GGH, 2011 WL 5241534, at *2 (E.D. Cal. Oct. 31, 2011) ("Defendants argue that the protective order to which their production is subject is not sufficient to cover every scenario they can craft. That may be true of any protective order."). Rather than categorically designating all Defendants' pricing information as confidential, the better practice is to enter the parties' proposed order with the following modification:

> A Party may designate a Document as CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the Document contains information protected from disclosure by statute or that should be protected from disclosure as confidential personnel records, business records, or such other sensitive financial information or business records that are not publicly available, including, but not limited to, trade secrets.

Defendants are free to designate as confidential documents consistent with this provision and relevant Sixth Circuit case law. Plaintiffs are free to challenge those designations consistent with the parties' agreed method for doing so. (*See* Doc. 28-1 at 7). If the parties are unable to resolve any issues regarding confidentiality designations through the meet and confer process, the Court will have the benefit of specific documents and the context they provide in addressing any objections to those designations.

The parties need to make one additional modification to the proposed protective order. Local Rule 5.2.1 provides that, "[u]nless permitted by statute, parties cannot file documents under Seal without leave of Court." S.D. Ohio Civ. R. 5.2.1(a). The parties' proposed protective order does not comply with that requirement. (*See* Doc. 28-1 at 6–7). The parties are therefore **ORDERED** to meet and confer regarding proposed language that satisfies Local Rule 5.2.1 and submit a revised version of the protective order that is consistent with this Opinion and Order on or before May 3, 2019.

Defendants' Motion is therefore **GRANTED in part and DENIED in part**.

### III. JOINT MOTION FOR EXTENSION OF TIME (Doc. 37)

The parties jointly represent:

> To date, the Parties have worked diligently and made substantial progress with respect to written discovery. Technicare and Gatehouse have each served written discovery requests, exchanged written responses, and worked together in a professional manner. The Parties, however, are awaiting the Court's decision regarding the terms of a protective order to govern the production of electronic documents, and further documents productions are expected. As the fact discovery deadline is quickly approaching, the Parties do not anticipate that they will be able to complete all written discovery, including document productions, and schedule, prepare for, and take depositions in accordance with the currently schedule.

(Doc. 37 at 2).

For good cause shown, the Joint Motion is **GRANTED**. The case schedule is amended as follows:

- **Fact Discovery Deadline:** September 16, 2019
- **Primary Expert Disclosures:** October 16, 2019
- **Rebuttal Expert Reports:** November 6, 2019
- **Dispositive Motions:** January 31, 2020

Following the completion of fact discovery, the parties are directed to contact the Court to schedule a settlement conference. **The Court will not grant any further extensions of these deadlines absent extraordinary circumstances.**

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Protective Order (Doc. 28) is **GRANTED in part and DENIED in part** and the parties' Joint Motion for Extension of Time (Doc. 37) is **GRANTED**.

IT IS SO ORDERED.

Date:  April 30, 2019                                    /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE